IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. No. 1:91-189 |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Jose Gutierrez, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant has filed a motion, through counsel, pursuant to 28 U.S.C. § 2255,[1] or in the alternative, for relief under a writ of coram nobis. ECF No. 160. Defendant contends he received ineffective assistance of counsel, that his Equal Protection rights under the Fourteenth Amendment were violated based upon a sentencing disparity with co-Defendant Michael Anthony Bell, and that he has experienced a violation of his Fifth and Fourteenth Amendment rights based upon "[t]he combined effect of multiple errors . . . ." Mot. at 35.

**BACKGROUND**

Defendant was sentenced on April 2, 1992, to life imprisonment for his conviction on one count of conspiracy to possess with intent to distribute and to distribute cocaine and "crack" cocaine in violation of 21 U.S.C. § 846, and forty and twenty years imprisonment, respectively, for his convictions on two different counts of possession with intent to distribute and/or distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Defendant's convictions and sentences were upheld on direct appeal. *See United States v. Gutierrez*, 993 F.2d 1540 (4th Cir. 1993) (Table).

---

[1] Contrary to the contention set forth in the motion, Defendant has filed at least two previous motions for relief under 28 U.S.C. § 2255. *See* D.S.C. Civil Action No. 1:05-718-22; D.S.C. Civil Action No. 1:06-167-CMC. Moreover, all of Defendant's post-judgment motions for relief have been filed with the assistance of counsel.

On June 15, 2001, Defendant, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court, alleging his sentence had been imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This court dismissed the petition with prejudice as Defendant's claims were cognizable under 28 U.S.C. § 2255 and because the petition was untimely. The order of dismissal also noted that any future § 2255 motion would be untimely. *See* D.S.C. Civil Action 3:01-2622-22, Order of Feb. 15, 2002, at 3 n.1. This dismissal was affirmed on appeal. *See Gutierrez v. Dove*, 38 F. App'x 931 (4th Cir. 2002) (Table).

On March 7, 2005, Defendant, through counsel, filed a § 2255 motion in this court. This court dismissed the motion as untimely and successive. *See* Order filed March 29, 2005, D.S.C. Civil Action No. 1:05-718-CMC. Defendant did not appeal this order; however, he did seek permission from the Fourth Circuit Court of Appeals to file a second or successive petition. On November 8, 2005, the Fourth Circuit ordered that pre-filing authorization under 28 U.S.C. § 2244 was unnecessary, as Defendant's 2005 § 2255 motion could not be considered a second or successive petition. *See In re: Gutierrez*, 05-480 (4th Cir. Nov. 8, 2005). The Fourth Circuit also noted that "the proposed § 2255 motion is clearly untimely." *Id*.

In 2006, Defendant, through counsel, filed a new § 2255 motion. *See* D.S.C. Civil Action No. 1:06-167. The Government was granted summary judgment and the motion was dismissed with prejudice as untimely filed.

**28 U.S.C. § 2255**

Defendant's current motion is a successive motion for relief under § 2255. Defendant's failure to secure permission to file a successive motion in the appropriate court of appeals prior to filing the motion in the district court is fatal to the outcome of any action on the motion in this court.

2

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of filing a motion in a court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a successive motion under § 2255 is jurisdictional. Therefore, Defendant's failure to secure permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. This motion is dismissed as this court is without jurisdiction to consider it.

### **WRIT OF ERROR CORAM NOBIS**

The writ of error coram nobis, an extraordinary remedy, "affords a remedy to attack a conviction when the petitioner *has served his sentence and is no longer in custody.*" *Wilson v. Flaherty*, 689 F.3d 332, 339 (4th Cir. 2012) (emphasis added) (quoting *Estate of McKinney v. United States*, 71 F.3d 779, 781 (9th Cir.1995)); *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011) (internal quotation marks omitted) ("Coram nobis is an extraordinary remedy that has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is no

longer in custody for purposes of 28 U.S.C. § 2255.")  A defendant "may not resort to a writ of error coram nobis simply because he cannot meet the standards for filing a second or successive § 2255 motion." *Rhines*, 640 F.3d at 72.

Defendant is still in custody.  Accordingly, the writ of error coram nobis is not available to him.  Therefore, construed as a writ of error coram nobis, the writ is denied.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                            s/ Cameron McGowan Currie
                                            CAMERON MCGOWAN CURRIE
                                            SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 6, 2014